UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTONIO CANTU, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00285-WTL-MJD |
| | ) | |
| CURTIS HILL, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

**I. Background**

In 2008, Antonio Cantu, Sr. pleaded guilty to class B felony robbery in Lake County, Indiana, and was sentenced to six years in prison. *See State v. Cantu*, 45G03-0712-FB-00104. Dkt. No. 19-1; Dkt. No. 19-2. He was paroled on March 27, 2010. Dkt. No. 19-2, p. 4. On March 8, 2011, while still on parole from his Lake County robbery conviction, the Indiana Department of Correction (IDOC) Division of Parole Services recommended a parole violation warrant be issued for Mr. Cantu based on three alleged rule violations: one allegation that Mr. Cantu failed to report to his parole agent as instructed and two allegations that he failed to follow his parole agent's instructions. Dkt. No. 19-2, pp. 5-6.

Later, the IDOC Division of Parole Services noted an additional rule violation in the form of an allegation that Mr. Cantu engaged in criminal conduct (by robbing a bank in Michigan City, Indiana on March 9, 2011). Dkt. No. No.19-2, pp. 8, 10.

A Warrant for Retaking Offender issued on March 10, 2011, for Indiana and the surrounding states. Dkt. No. 19-2, p. 7. The Warrant, No. 11-0750, was later amended to extend nationwide. Dkt. No. 19-2, p. 9.

Mr. Cantu was apprehended by law enforcement officers in Dallas, Texas, in connection with the Michigan City, Indiana, bank robbery and extradited from Texas to Indiana. Dkt. No. 19-2, p. 10. He was charged with, and on September 28, 2011, pleaded guilty to 18 U.S.C. § 2113(a), Bank Robbery by Force or Violence. *See United States v. Cantu*, Case No. 3:11-CR-00040(1)-RM. He was sentenced to 178 months of imprisonment. Dkt. No. 19-2, pp. 11, 12-18. Based on this conviction, Mr. Cantu is currently in federal custody in Oklahoma City, Oklahoma, and has a tentative release date of March 10, 2024. www.bop.gov/inmateloc/. The IDOC has placed a detainer request for Mr. Cantu pursuant to Warrant, No. 11-0750. Dkt. No. 19-3. It plans to obtain custody of Mr. Cantu upon completion of his federal sentence and schedule a parole revocation hearing within sixty (60) days of when Mr. Cantu becomes available. Dkt. No. 19-2, p. 11.

## II. Analysis

Mr. Cantu's habeas petition challenges the fact that he is facing a potential parole revocation when he completes his federal sentence for bank robbery in 2024. More specifically, the Indiana Parole Board has placed a detainer request with the Bureau of Prisons and plans to obtain custody of him upon the completion of his federal sentence to initiate parole revocation proceedings relating to his 2008 sentence. The respondent argues that Mr. Cantu's habeas petition must be dismissed because he failed to exhaust his state court remedies. Mr. Cantu did not file a reply.

Although Mr. Cantu seems to assert that the Indiana Parole Board has already revoked his parole, this assertion is not correct. Dkt. No. 19, p. 3. Mr. Cantu's parole has not yet been revoked and a parole revocation hearing cannot be held until he completes his term of federal incarceration. Dkt. No. 19-2. As such, this matter is not ripe for an adjudication on his habeas petition because Mr. Cantu cannot challenge the revocation of parole until his parole has actually been revoked by

the Indiana Parole Board.

"Ripeness doctrine is based on the Constitution's case-or-controversy requirements as well as discretionary prudential considerations." *Wisc. Right to Life State Political Action Comm. v. Barland*, 664 F.3d 139, 148 (7th Cir. 2011). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998). Here, Mr. Cantu's habeas petition rests upon the Indiana Parole Board revoking his parole. This will not happen until 2024, if at all. As such, this matter is not ripe and must be dismissed, but the dismissal will be without prejudice to his right to file a new petition after presenting his claims in one complete round of state review.[1]

### III. Certificate of Appealability

Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases*, the Court must either issue or deny a certificate of appealability in all cases where an adverse judgment is entered against the petitioner. To obtain a certificate of appealability, the petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). Here, the petition is being dismissed on ripeness grounds. Even if Mr. Cantu could avoid this ripeness barrier, there is nothing to suggest that jurists of reason would debate the correctness

---

[1] There are two possible methods for challenging a parole determination in Indiana: by filing a state post-conviction petition, *Receveur v. Buss*, 919 N.E.2d 1235 (Ind. Ct. App. 2010), or by filing a state habeas petition. *Lawson v. State*, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006). Indiana Post-Conviction Rule § 1(1)(a)(5) provides that "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief."

of the Court's procedural ruling or find a reason to encourage him to proceed further before the Indiana Parole Board revokes his parole. Accordingly, the court declines to issue him a certificate of appealability.

For these reasons, the petition is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the *Rules Governing Section 2254 Cases*. The petitioner is **DENIED** a certificate of appealability.

**The clerk is directed** to update the docket consistent with the distribution portion of this Entry to show that Mr. Cantu has been transferred to a new facility.

**IT IS SO ORDERED**.

Date: 5/3/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ANTONIO CANTU, SR.
07448-027
USP Coleman II
U.S. Penitentiary
P.O. Box 1034
Coleman, FL 33521

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov